■ ELISA W. CHALTIEL, Respondent, v JEAN-JACQUES CHALTIEL, Defendant. VICTOR CHALTIEL, Nonparty Appellant. [722 NYS2d 390] —Order, Supreme Court, New York County (Joan

Lobis, J.), entered November 29, 2000, which, *inter alia*, granted plaintiff mother's cross motion to modify a court-ordered stipulation so as to restrict nonparty appellant paternal grandfather's visitation with the child to such times and places as defendant father's visitation, unanimously modified, on the law, the facts and in the exercise of discretion, and the matter remanded to Supreme Court for further proceedings consistent herewith, and otherwise affirmed, without costs.

The subject stipulation (1) prohibits the father's visitation with the child until he tests negative for drugs for a period of three months and a psychologist designated by the mother recommends that visitation begin, (2) allows appellant's visitation at such times and places as the father has visitation, and (3) allows appellant's visitation "in New York City for such things as lunch and dinner, outside the presence of the [father], upon 48 hours notice to the [mother] * * * [but] not overnight unless agreed to by the [mother]." The IAS court modified the stipulation so as to eliminate the last of the foregoing provisions based upon appellant's admission that, accompanied by the father, he met the child one day after school, in violation of the stipulation.

We agree with Supreme Court that a modification of the stipulation was warranted (*cf., Friederwitzer v Friederwitzer*, 55 NY2d 89, 95). However, under the circumstances presented, we believe that a hearing was necessary to explore whether other alternatives, such as supervised visitation, might be appropriate. We have considered appellant's other arguments, including that the mother had repeatedly denied him access to the child, and find them unavailing. Concur—Andrias, J. P., Ellerin, Rubin, Saxe and Friedman, JJ.